*James Carl v. The Kroger Co.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number: 22-A-58*

*James Carl v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:22-mi-99999)*

# EXHIBIT A:  NOTICE FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT IN THE STATE COURT OF COBB COUNTY, STATE OF GEORGIA

**ID# E-J3XS2JJZ-GBF**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___Cobb___ County

**22-A-58**

| For Clerk Use Only | JAN 07, 2022 12:06 PM |
|---|---|
| Date Filed _01-07-2022_ | *Robin C. Bishop* |
| MM-DD-YYYY | Case Number _22-A-58_ |
| | Robin C. Bishop, Clerk of State Court |
| | Cobb County, Georgia |

**Plaintiff(s)**

Carl, James

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

The Kroger Co.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Pryor, Scott A.     **Bar Number** 589155     **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.20

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-A-58</u>

$248.00 COST PAID

Carl, James

_____

**PLAINTIFF**

**VS.**

The Kroger Co.

_____

**DEFENDANT**

## SUMMONS

TO: THE KROGER CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Scott A. Pryor**
> **Scott Pryor Law**
> **6185 Crooked Creek Road, NW**
> **Suite H**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of January, 2022.**

Clerk of State Court

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-J3XS2JJZ-ULH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-58**

JAN 07, 2022 12:06 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JAMES CARL,

                    Plaintiff,

v.

THE KROGER CO.

                    Defendant.

CIVIL ACTION
FILE NO. _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, and makes and files this Complaint for Damages against The Kroger Co. as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff James Carl is a resident of Georgia and submits herself to the jurisdiction of this court.

2.

Defendant The Kroger Co. is a foreign profit corporation existing under the laws of Ohio, registered to do business in the State of Georgia, with its principal place of business in Cincinnati, OH, and may be served through its registered agent:  CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

3.

Jurisdiction with regard to Defendant is proper in this Court.

4.

Venue with regard to Defendant is proper in this Court.

## FACTUAL ALLEGATIONS

5.

Plaintiff hereby pleads and incorporates by reference the allegations contained in Paragraphs 1 through 4, as if the same were set forth herein.

6.

Defendant owns and operates Kroger Store KO11 ("subject store") located at 1911 Grayson Hwy., Grayson, Georgia 30017.

7.

On or about February 19, 2021, Plaintiff was an invitee of Defendant's subject store.

8.

On said date, there was a large melon box on top of a pallet that was located in the walkway of the subject store. The box was pushed to one side of the pallet, leaving a portion of the pallet protruding into the walkway. The "open" side of the pallet ran parallel to the walkway. The box was positioned so that seeing the protruding pallet was difficult. The pallet created a trip hazard. Plaintiff navigated around the melon box but his foot slipped under the open side of the protruding pallet. Plaintiff stumbled forward, tried to catch himself, but his foot stuck under the pallet. As a result, Plaintiff fell all the way forward to the ground, and hit the ground with a heavy impact.

9.

Plaintiff suffered severe injuries and underwent right shoulder surgery because of the impact of the fall.

10.

At the time of the incident, there were no warning signs displayed or verbal advices given to inform invitees of the dangerous condition caused by the pallet left in a common area walkway of the store.

11.

At no time was Plaintiff aware of (and/or should have been aware of) the dangerous condition of the walkway.

12.

At all times relevant to Plaintiff's Complaint for Damages, Plaintiff used reasonable care for his own safety.

## COUNT I

## NEGLIGENCE

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendants owed a duty of care to keep its premises in a safe condition to all business invitees who entered and patronized their store on or about February 19, 2021.

15.

Defendants knew or should have known of the dangerous conditions caused by the shifted melon box and the pallet protruding into the walkway, where customers are reasonably expected to traverse.

16.

Defendants failed to give warning(s) to Plaintiff of the dangers posed thereby.

17.

Defendants were negligent in that it failed to keep its premises safe for Plaintiff, who was a business invitee, in violation of Defendants' duties as set forth in O.C.G.A. § 51-3-1, the same being negligence as a matter of law.

18.

Defendants' negligence was the cause-in-fact of Plaintiff's damages, for which he seeks recovery in this action.

19.

Furthermore, it was foreseeable to Defendants that pallets left in the common areas of the store can cause dangerous conditions, resulting in invitees sustaining severe injuries.

20.

 Defendants' negligence was the proximate cause of Plaintiff's damages, for which he seeks recovery in this action.

21.

As a result of Defendants' negligence, Plaintiff suffered severe injuries and underwent right shoulder surgery because of the impact of the fall.

22.

As a further result of Defendants' negligence, Plaintiff has incurred medical expenses in the amount of $127,285.36 gathered at last tally (*but believed to be over $251,000.00 due to correspondence with Medicare*) for the care and treatment of his injuries in an amount to be proven at trial.

23.

Plaintiff continues to incur medical expenses for the care and treatment of his injuries in an amount to be proven at trial.

24.

As a further result of Defendants' negligence, Plaintiff has suffered excruciating physical and mental pain, still so suffers, and will continue to suffer from said pain in the future.

25.

As a further result of Defendants' negligence, Plaintiff has suffered a diminishment in his capacity to work and to labor and to enjoy life.

26.

Plaintiff is entitled to recover from Defendants for his economic loss, as well as his non-economic loss, including past, present, and future pain and suffering. Such damages shall be proven at trial.

## **COUNT II**

## **RESPONDEAT SUPERIOR**

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Pursuant to O.C.G.A. § 51-1-2 and the principles of respondeat superior, Defendants are liable for the torts committed by its employees and agents acting within the scope of their employment, including their violation of O.C.G.A. § 51-3.1.

29.

Therefore, Defendants are liable for the damages incurred by Plaintiff resulting from the negligent conduct of its employee(s) or agent(s) on February 19, 2021, as alleged herein. Such damages shall be proven at trial.

## COUNT III

## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

There exists no bona fide dispute with regard to the liability of Defendants.

32.

Defendants have acted in bad faith in regard to its conduct on the date of this incident.

33.

Defendants have been stubbornly litigious.

34.

Defendants have caused Plaintiff unnecessary trouble and expense.

35.

Plaintiff seeks damages from the Defendants for past, present, and future medical and other necessary expenses in an amount to be shown by the evidence at trial.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.      That summons issue requiring the Defendants to appear as provided by law to answer the allegations of this Complaint;

b.      That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.      That Plaintiff have and recover all damages to which he is entitled to recover under Georgia law; and

d.      That Plaintiff recover such other and further relief as is just and proper.

This 7th day of January, 2022.

**SCOTT PRYOR LAW**

/s/ Scott A. Pryor

By: _____
        SCOTT A. PRYOR
        Georgia Bar No. 589155
        KURTIS BADGER
        Georgia Bar No. 792254

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
scott@scottpryorlaw.com
kurtis@scottpryorlaw.com

ID#E-J3XS2JJZ-YJA
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-58**

JAN 07, 2022 12:06 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JAMES CARL,

                    Plaintiff,

v.

THE KROGER CO.

                    Defendant.

CIVIL ACTION
FILE NO. _____

**JURY TRIAL DEMANDED**

## NOTICE OF TAKING 30(b)(6) VIDEOTAPED DEPOSITION *DUCES TECUM* OF THE KROGER CO.

PLEASE TAKE NOTICE that on **Wednesday, April 6, 2022**, commencing at **10:00 a.m., via ZOOM**, the undersigned will proceed to take the videotaped deposition of the person(s) designated by The Kroger Co. (hereinafter "Swift"), pursuant to the Georgia Civil Practice Act, as being most knowledgeable and best qualified to speak on said Defendant's behalf on the areas listed below.[1]

The deposition shall continue from day to day thereafter until completed.

---

[1] For the purpose of this Notice, the term **"Document"** means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in Defendant's possession, control or custody or of which it has knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

1

This deposition will be videotaped and will be taken for all purposes allowed under Georgia Law, upon oral examination, before an agent authorized by law to take depositions. This deposition was scheduled by agreement of counsel.

The subject areas are as follows:

Plaintiff sets forth the following matters on which examination is requested:

1. All statements referring to or reflecting Plaintiff's fall on February 19, 2021 at Kroger Store K011;

2. Personnel files for each of your employees physically present at the time and place (on February 19, 2021 at Kroger Store K011) when the fall occurred;

3. The facts and circumstances surrounding the terminations/departures of any Kroger employees as defined and referenced in the above topic No. 2;

4. Defendant's policies and procedures pertaining to the preparation and retention of customer incident reports, claim forms, and video surveillance footage in existence on February 19, 2021 – present;

5. Defendant's discovery responses and all documents produced (including the authentication of all documents produced) in the subject case;

6. Defendant's policies and procedures pertaining to customer safety and your training materials as it relates to wet floors, slipping/tripping hazards, floor maintenance, spill clean-up, safety cone placement, and safe cleaning practices;

7. All other lawsuits and accidents involving Kroger stores in Georgia from February 19, 2014 - present.

8. The investigation of Plaintiff's fall on February 19, 2021;

9. Inspection logs for the area where Plaintiff fell on February 19, 2021;

10. The incident described in the Complaint or any amendment(s) to the Complaint;

11. The identity of any employee of yours who was present at the subject store on at the time Plaintiff fell on February 19, 2021;

12. Every security, maintenance, safety, or cleaning measure done by your employees in the area of the subject store where Plaintiff fell on February 19, 2021 (including, but not limited to: any foot patrols or monitoring of your surveillance/security cameras in this area);

2

13. The number of employees you used to provide security/surveillance monitoring in the subject store on February 19, 2021, and their responsibilities.

The deponent is to have with him/her at the aforesaid time and place:

A.      Whether previously produced or not, the **ORIGINAL** of all Documents and tangible things set forth in Schedule "A" attached hereto;

B.      To the degree not previously produced in this case, all Documents and tangible things set forth in Schedule "B" attached hereto.

In addition to the taking of this deposition as a 30(b)(6) deposition, the deposition may include questions to the designee in his/her individual capacity.

This 7th day of January, 2022.

**SCOTT PRYOR LAW**

/s/ Scott A. Pryor

By: _____
       SCOTT A. PRYOR
       Georgia Bar No. 589155
       KURTIS BADGER
       Georgia Bar No. 792254

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
scott@scottpryorlaw.com
kurtis@scottpryorlaw.com

## SCHEDULE "A"

**Originals** of the following items, whether previously produced or not:

    a.  All photographs of the scene of the Subject Incident, any materials and/or person involved in the subject incident, and/or any other person, place or thing that KROGER contends is relevant to this litigation;

    b.  Any responsive employment files and/or other files maintained by KROGER regarding requested by Plaintiff within discovery;

    c.  All documents and materials reviewed by any accident/incident review board in connection with the Subject Incident and all reports and documents generated by any such review board;

    d.  All video that depicts in any way all persons involved in the Subject Incident, the location of the incident within the subject store, and/or any other item, person, or other material(s) relevant to this lawsuit; and

    e.  All training materials identified in discovery and/or responsive to any of the matters listed in the above Notice of Deposition.

## SCHEDULE "B"

To the degree that any of the following have <u>not</u> been previously produced in this case, you are commanded to have the following with you at the Deposition:

1.   A copy of every photograph and other Document in your (or your attorney's) possession, custody and/or control that relates, refers, illustrates and/or discusses in any way the Plaintiff, the Defendants and/or anyone related to the Plaintiff and/or Defendants.

2.   A copy of each and every statement made by Defendant or any of its employees and every document that purports to contain signatures.

3.   All of KROGER's policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident regarding hiring, training, safety, compliance with state and federal laws and regulations, accident/incident investigation and review boards, employee discipline, and any other areas that may be relevant to the conduct of Defendant and its employees at the time of the Subject Incident.

4.   All Documents evidencing communications of any kind between any person working for or on behalf of KROGER and any of the following persons and entities regarding the Subject Incident:
     (a) Any law enforcement officer or agency, or first responders;
     (b) Any governmental officer or agency; and/or
     (c) Any insurance company employee or agent.

5.   All log summaries and reports, whether prepared in-house or through an outside company regarding cleaning, maintenance, and inspection of the area where Plaintiff fell on February 19, 2021.

6.   Copies of all claim forms submitted to KROGER or any of its insurers regarding the February 19, 2021 incident.

7.   All Documents evidencing any of the following regarding KROGER:
     (a) KROGER's safety philosophy;
     (b) KROGER's safety budget for the 3 years leading up to and including the date of the Subject Incident; and
     (c) KROGER's document retention policies in effect for the past 3 years.

8.   All Documents evidencing and/or reflecting any internal investigation by KROGER of the Subject Incident, including all documents reviewed by and generated by any Accident/Incident Review Board.

9.   All documents and information that support and/or form the basis for each affirmative defense raised by KROGER in its Answer.

5

10.    All documentation of any kind (documents, reports, video, photos, digital or electronic data, call in sheets, etc.) regarding the incident at issue in the possession of KROGER.

11.    E-mails, electronic messages, letters, memos, or other documents concerning this incident.

12.    Insurance
       (a)    A copy of the Dec sheet and policy for each insurance policy that may provide coverage for the losses sustained in this case (including self-insured retention, liability, umbrella and excess), and
       (b)    all reservation of rights letters sent by any insurer to KROGER in connection with the Subject Incident.

This 7th day of January, 2022.

                              **SCOTT PRYOR LAW**

                              /s/ Scott A. Pryor

            By:    _____
                              SCOTT A. PRYOR
                              Georgia Bar No. 589155
                              KURTIS BADGER
                              Georgia Bar No. 792254

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
scott@scottpryorlaw.com
kurtis@scottpryorlaw.com

ID#E-J3XS2JJZ-RDB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-58**

JAN 07, 2022 12:06 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAMES CARL, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO. _____ |
| THE KROGER CO. | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND ADMISSIONS TO DEFENDANTS

COMES NOW James Carl, Plaintiff in the above-styled action, and propounds the attached First Interrogatories, Requests for Production of Documents, and Admissions to Defendants, pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), O.C.G.A. §9-11-36, and §24-10-26, respectively, to be answered separately and individually under oath.

Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Scott A. Pryor, 6185 Crooked Creek Road NW, Suite H, Peachtree Corners, Georgia 30092 no later than forty-five (45) days after service of these Interrogatories, or at any hearing or deposition in the above matter which is scheduled prior to 45ᵃ day after service.

## PART I

## INTRODUCTION AND DEFINITIONS

(A)     Each Interrogatory seeks information available to the Defendants, its attorneys and agents, and all persons acting on its behalf.  Accordingly, as used herein, the term "Defendants," "you,", "your," refer without limitation to the Defendants, the Defendants' attorneys or investigators, insurers, agents and all other persons acting in the Defendants' behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E)     As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(F)     If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an

Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G)     If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## INTERROGATORIES

1.

Identify the person signing your answers to these Interrogatories and each person who has provided information contained in your answers to these interrogatories.  For each such person who has provided information, indicate which information that person provided.

2.

Please state the names, addresses, and telephone numbers of each individual:

(a) Who witnessed the incident or the events occurring immediately before or after the incident;

(b) Who heard any statements made about the incident by any individual at the scene;

(c) Who you or anyone acting on your behalf claims to have knowledge of the incident;

(d) Who you or anyone acting on your behalf claims to have knowledge of the Plaintiff's damages arising out of the incident; and

(e) Who was cleaning and/or working in the area where the incident occurred on February 19, 2021.

3.

For each of your employees physically present at the time and place of the incident, please state:

(a) His or her name, address and telephone number;

(b) Job title as of date of incident;

(c) Whether she or he was on duty at the time of the incident;

(d) The job or function she or he was performing at the time of the incident;

(e) Whether she or he is presently employed with the Defendant.

4.

Have you or anyone acting on your behalf interviewed any individual concerning the incident? If so, for each individual, please state:

(a) The name, address, and telephone number of the individual interviewed;

(b) The date of the interview;

(c) The name, address, and telephone number of the person who conducted the interview.

5.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying same with sufficient particularity to satisfy a request for production of documents.

6.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons employed by

Defendants at the time of the incident complained of in this action who had managerial or supervisory responsibilities at relating to maintaining the premises of the store where this incident occurred. Please delineate the nature of those supervisory responsibilities, maintenance responsibilities and job titles of the individuals identified.

7.

In the event you or anyone acting in your behalf have or know of any photographs or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint for Damages, please state the following:

(a)     its nature;

(b)     its specific subject matter;

(c)     the date it was made or taken;

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show;

(f)     the name, address and telephone number of the person having custody of each such item or items.

8.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his or her experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation. With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or

arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of

each such person;

(d)     whether or not such person provided you with a written or recorded

statement or report concerning their study or investigation, and if so,

please state the date of the report, the name and address of the

preparer of the report, and the name and address of all persons

known to you to have a copy of each such statement or report.

9.

Please state the name, address and telephone number of all persons (whether your

employees or not) whom you expect to call or may call as an expert witness upon the trial of this

matter, and with respect to each such person, please state the following:

(a)     the specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions to which you

expect such expert to testify;

(c)     a summary of the facts or grounds for each such opinion or

conclusion;

(d)     whether any such person has prepared or provided you with a written

or recorded statement or report concerning their investigation and, if

so, the name and address of all persons who have custody of such

report or statement.

10.

Please state whether there is or was in existence any policy or policies of liability insurance which would or might inure to the benefit of the Plaintiff here by providing for payment of a part of, or all of, any judgment rendered in favor of the Plaintiff against Defendants or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

    (a)    the name and address of the insurer on each such policy;

    (b)    the name and address of each named insured on each such policy;

    (c)    the relationship, if any, between each named insured on each such policy, and any named Defendants in this cause;

    (d)    the policy number of each such policy;

    (e)    the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such

    (f)    the limits of liability of such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

    (g)    whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make

payment;

(h)     whether or not any insurer has notified any insured that said insurer

claims that there is or may be no coverage under the terms of the

policy of insurance involved and if the answer is "yes", describe the

reason given for the claimed lack of coverage or failure thereof as

stated by said insurer (identifying same) to said insured (identifying

same), and state the date of such notice; and

(i)     whether or not all "excess" and "catastrophe" and "umbrella" policies

known to exist are listed above and if not, why not.

11.

State the names, addresses, home telephone numbers, places of employment, work

telephone numbers, job titles or capacities, and present whereabouts of all persons who are

believed by you to have knowledge about and concerning the physical condition of the Plaintiff

prior to and following the incident described in the Complaint.

12.

If you contend that any Defendant is not the proper legal entity to be sued in this action,

or if there is a misnomer, please identify whom you contend would be the proper legal entity or

entities. This interrogatory does not seek any admission of legal liability, only the affirmation of

legal responsibility in the event liability is proven.

13.

If you contend that any other entities or individuals bear responsibility for the Plaintiff's

injuries in this litigation, please identify the names, addresses, home telephone numbers, places

of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all such individuals and/or identify such legal entities by name and current address.

14.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities and present whereabouts of all persons who examined the area in which Plaintiff fell before and after the incident.

15.

Please identify and state Defendants' policies and procedures for cleaning, inspecting, and maintaining the floors in the area where Plaintiff fell and identify any written guidelines setting forth these policies and procedures.

16.

Please identify whether surveillance captured the event that is the subject of this litigation, the location of the footage, as well as the entity in charge of monitoring the surveillance that would have captured this event more fully described in the Complaint.

17.

Please identify all incidents resulting in injuries taking place at the subject Kroger store for the five (5) years prior to the incident more fully described in Plaintiff's Complaint for Damages. Please identify if there are incident reports or any other documentation that have memorialized these incidents and produce said reports to Plaintiff.

18.

For the incident that is the subject of this litigation, please state whether Defendants generated an incident report and if so, the custodian of said incident report.

19.

State whether any investigations or other reports were prepared, compiled, submitted or made by or on behalf of the Defendants in the regular course of business as a result of this incident, and if such exists, identify same.

20.

Please identify all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to these Interrogatories.

21.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified, and give the name and address of the person(s) having possession, custody or control of each thing.

22.

Do you have any knowledge of any accident in which Plaintiff in this litigation was involved during Plaintiff's lifetime or of any prior or subsequent injuries that may have been sustained by Plaintiff? If so, please identify each such accident by date, place of occurrence, and other persons involved. For each prior injury of Plaintiff known to the party propounding these Interrogatory Responses, please identify each such injury, the date said injury was sustained, the manner in which said injury was sustained, and the physicians by whom the Plaintiff was treated.

23.

Please identify the date on which Defendants anticipated litigation might arise out of this incident.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### 1.

The original of each and every written statement or a transcript of a recorded statement that covers the facts and/or circumstances of the incident that gives rise to the Complaint in this action.

### 2.

The originals of each and every photograph or other pictorial representation, including videotaping, of the events and happenings alleged in Plaintiff's Complaint that have been or is available to Defendants.

### 3.

A copy of each and every written or recorded statement or report concerning the study or investigation of each person identified in responses to Plaintiff's First Interrogatories to Defendants.

### 4.

All surveillance videotapes or digital recordings which recorded any events at the subject Kroger store on February 19, 2021.

### 5.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert upon the trial of this matter.

### 6.

A copy of each and every policy of liability insurance identified in this Defendant's answer to Plaintiff's First Interrogatories.

7.

Please produce any and all policies, procedures, guidelines, corporate directives, memoranda or any other document or tangible thing by whatever name called which sets forth any practices of Defendant with respect to the operation, inspection, cleaning, and maintenance of the area where this incident occurred.

8.

Please produce copies of any and all complaints for damages resulting from injuries at the subject Kroger store for the five (5) years preceding Plaintiff's fall.

9.

Please produce any incident report or other documentation of the incident that forms the basis of Plaintiff's Complaint.

10.

Please produce any and all correspondence or other documentation that in any way relates or related to the incident described in Plaintiff's Complaint that was sent internally or sent by Defendants to any other person or corporation.

11.

Please produce all written agreements or other documents which in any way address any issue of ownership, operation, management or maintenance of the area where Plaintiff was injured.

12.

Please produce all sweep cards, inspection reports, maintenance reports, or cleaning reports relative to the location where this incident occurred for the three (3) weeks preceding up to and including Plaintiff's incident.

13.

Please produce all medical records relating to Plaintiff obtained by your counsel through 9-11-34(c).

14.

Please produce all documents you intend to rely upon for any depositions, hearings, or the trial of this case.

15.

Please produce a list of all documents that are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

16.

Entire employee personnel files for those identified by you in response to Plaintiff's First Interrogatories.

## REQUESTS FOR ADMISSIONS

1.

Defendant was served with process of a summons and complaint in a timely manner and procedurally in accordance with the applicable law.

2.

All documents provided by Defendant in discovery are authentic.

3.

Defendant is subject to the personal jurisdiction of the Court in this case.

4.

The Court has subject matter jurisdiction over this case.

5.

This case is not barred by any statute of limitations.

6.

Venue is proper in this Court.

7.

On or about February 19, 2021, Plaintiff slipped and fell inside the subject Kroger store because of a crate left on the floor.

8.

On February 19, 2021, Defendant was open for business.

9.

On or about February 19, 2021, Plaintiff was an invitee of Defendant.

10.

On February 19, 2021, Defendant was in full custody and control of the premises located at the subject Kroger store.

11.

 Defendant knew or should have known of the dangerous and unsafe condition of the floors on or around the lotion aisle where Plaintiff fell on February 19, 2021.

12.

On February 19, 2021, Defendant did not engage in any reasonable inspection procedures to keep the premises safe.

13.

On February 19, 2021, Defendant did not alert or warn Plaintiff of the dangerous condition prior to the time that Plaintiff slipped and fell.

14.

Plaintiff's fall was the direct result of the dangerous and unsafe condition of the floors inside the subject Kroger store on February 19, 2021.

15.

As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered severe physical injuries.

16.

As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered physical pain and distress.

17.

At all times complained of, Plaintiff exercised reasonable care of his own safety.

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proven at trial.

19.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's physical and mental pain and suffering and loss of capacity to enjoy life, past, present, and future.

20.

Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble or expense. Plaintiff is therefore entitled to recover the expenses of litigation including but not limited to attorney's fees.

21.

Defendant had a duty to maintain the premises in a safe manner.

22.

All of Plaintiff's medical care was reasonable and necessary.

This 7th day of January, 2022.

**SCOTT PRYOR LAW**

/s/ Scott A. Pryor

By: _____

SCOTT A. PRYOR
Georgia Bar No. 589155
KURTIS BADGER
Georgia Bar No. 792254

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
scott@scottpryorlaw.com
kurtis@scottpryorlaw.com

# SHERIFF'S ENTRY OF SERVICE

ID#E-J3XS2LJZ-HC2
ID#E-33JTWAQE-F2D

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-58**

JAN 14, 2022 10:04 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Civil Action No. ___22-A-58___

Date Filed _____

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Georgia, ___COBB___ COUNTY

Carl, James

_____ Plaintiff

VS.

The Kroger Co.

_____ Defendant

_____ Garnishee

Attorney's Address   Pryor, Scott A.
Scott Pryor Law
6185 Crooked Creek Road, NW
Suite H
Peachtree Corners, GEORGIA 30092-

Name and Address of Party to be Served.
**The Kroger Co.**

___192 Anderson Street SE, Ste. 125___

___Marietta, GEORGIA 30060___

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _The Kroger Co._____ a corporation
by leaving a copy of the within action and summons with _Terri Thompson - CSC of_
in charge of the office and place of doing business of said Corporation in the County. _Cobb County_

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _13_ day of _January_, 20 _22_

_Sgt Colson 94019_
Deputy

**COURT COPY**